## WOLF v. BUCKEYE INCUBATOR CO. et al.

(Circuit Court of Appeals, Sixth Circuit. March 4, 1924. On Motion for Rehearing, April 11, 1924.)

### No. 4012.

1. Patents ⬤⟹328—1,262,860, for improved hatching method in incubators, held valid and infringed.

The Smith patent, No. 1,262,860, for improved method of hatching in incubators, permitting hatching on a big scale, *held* valid and infringed.

2. Patents ⬤⟹328—1,263,138, for improvements in incubator trays, held valid and infringed.

The Smith patent, No. 1,263,138, for improvements in trays for holding and turning eggs in incubators, *held* valid and infringed.

3. Patents ⬤⟹301(1)—Complainant's failure to notify defendant that methods used were covered by patents held not to affect complainant's right to injunction.

That complainant ·had not· notified defendant, either actually or constructively, that he was infringing on complainant's patents, did not affect

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

complainant's right to an injunction, but was material only on the question of damages.

4. Patents ⬤⟹324(5)—Not granted for newly discovered cumulative evidence, in absence of showing of due diligence.

In suit for infringement of patents, the motion on appeal to enlarge the record by the introduction of further evidence tending to show prior use will not be granted, where the newly discovered evidence is cumulative merely, and not of such positive and irrefutable nature as would compel a different conclusion, and where it does not appear that appellant exercised due diligence in the effort to secure and present such evidence on the hearing.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by the Buckeye Incubator Company and another against Daniel A. Wolf. Decree for plaintiffs (291 Fed. 253), and defendant appeals. Affirmed.

George E. Kirk, of Toledo, Ohio, for appellant.

Border Bowman, of Columbus, Ohio (Paul A. Staley and Percy Norton, both of Springfield, Ohio, on the brief), for appellees.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This is an appeal from a decree of the District Court holding valid and infringed the five several claims of United States letters patent No. 1,262,860 and the five several claims of the United States letters patent No. 1,263,138, issued April 16, 1918, to Samuel B. Smith, who later assigned the same to the Buckeye Incubator Company. The defenses are invalidity and noninfringement.

Patent No. 1,262,860 pertains to a hatching method and improvements in incubators for practicing such method, and is intended for extensive operations, wherein a chamber of large dimensions is designed to contain thousands of eggs in separate trays. Patent No. 1,263,138 relates more particularly to improvements in trays for holding and turning the eggs while they are being incubated; the object of the invention being to provide means whereby the eggs can be quickly and uniformly turned from one side to the other during the process of incubation. All the claims of both patents are in issue.

[1, 2] The opinion of the District Court in this case is published in full. Buckeye Incubator Co. et al. v. Wolf, 291 Fed. 253. This court having reached the conclusion that the decree of the District Court is right, for the reasons therein stated, it is wholly unnecessary to rewrite into this opinion a detailed description of the method of hatching, or of the incubators manufactured under these patents for practicing this method, or the reasons so fully stated by the District Court upon which are based its finding and decree that the claims of these patents are valid and infringed by appellant's structures.

[3] In this court counsel for appellant place particular emphasis upon the claim that the complainants had not notified him, either actually or constructively, that the method of hatching, or the incubators designed for the purpose of practicing this method, were protected by

patents. This, of course, would not affect the complainants' right to an injunction, but would apply only to the question of damages. The bill of complaint avers actual notice. The evidence offered by complainants in support of this averment is practically conclusive, not only of the fact that appellant had knowledge of the existence of these patents and that he was infringing the same, but also the further fact that complainants had given him due and legal notice thereof.

It is also claimed on behalf of the appellant that, when this action was commenced, which he says was the first notice he had of the existence of these patents, or that he was infringing the same, he immediately made such changes in the incubators he had constructed and was then using that they no longer infringed plaintiff's patents. This also relates solely to the question of damages, or rather to the infringing period for which damages should be allowed. It appears from the record in this case that the appellant, after the commencement of this action, placed boards over the air outlets and operated his incubators by opening the doors from time to time at intervals during the day. It further appears that this method of opening the doors at intervals was adopted by complainants in the operation of the first 31 No. 7 incubators built by them, and that such instructions were issued to their customers. The claims of the patents in suit are not subject to such a limited and narrow construction as would permit this slight departure from the method of their operation to avoid infringement.

[4] The motion to enlarge the record by the introduction of further evidence tending to show prior public use must be overruled. The newly discovered evidence is cumulative merely, and not of such positive and irrefutable nature as would compel a different conclusion, nor does it appear that appellant exercised due diligence in the effort to secure and present this evidence upon the hearing of the case. Society of Shakers v. Watson, 77 Fed. 512, 23 C. C. A. 263; Novelty Tuft Machine Co. v. Buser, 158 Fed. 83, 85, 85 C. C. A. 413, 14 Ann. Cas. 192; Lord v. Staples & Hanford Co., 148 Fed. 19, 78 C. C. A. 493; Banking Co. v. Afton, 134 Fed. 727, 67 C. C. A. 618.

For the reasons stated, the decree of the District Court is affirmed.

## On Motion for Rehearing.

PER CURIAM. The date of notice of the existence of a patent or the date upon which the alleged infringer acquired knowledge thereof is a question affecting damages only, and therefore is not involved in an appeal from the decree of the District Court granting a temporary injunction restraining further infringing. On the contrary, the question is one to be determined primarily by the master.

It appears from the record that the appellant manufactured no incubators for sale, but merely a small number for his own use. For this reason the inquiry by the master for the ascertainment and assessment of damages and profits will necessarily be limited to a very narrow scope. Nor is it to be presumed that the master will include in his finding damages for any features of either patent that are not claimed and found to be infringed.

Rehearing denied.