**ARONSON v. TOY DEVICES, Inc., et al.**
**(two cases).**

(Circuit Court of Appeals, Third Circuit.
August 16, 1924.)

Nos. 3040, 3041.

**1. Patents ⊜23—Simplification of substantial character may constitute invention.**

Mere simplification of a substantial character, disposing of parts which have long been in use, may amount to invention.

**2. Patents ⊜328—1,140,649, for improvement in doll-talking devices, held valid and infringed.**

Aronson patent, No. 1,140,649, for improvement in mechanism adapted to make sound of "ma-ma" and "pa-pa" in dolls, consisting of reed pipe, bellows, and control piece, acting as valve, attached to one member of bellows, *held* valid and infringed, in view of simplification of prior complicated devices.

**3. Patents ⊜328—1,140,650, for improvement in doll-talking devices, held valid and infringed.**

Aronson patent, No. 1,140,650, for improvement in doll-talking mechanism, consisting of bellows, reed pipe, with orifice, and valve piece closing orifice in sound box, and provided with outwardly extending arm and control piece, carried by one member of bellows and adapted to engage arm of valve to operate it as bellows is compressed, *held* valid and infringed, in view of simplification of prior complicated devices.

**4. Patents ⊜322—Questions of notice of infringement and compliance with statute requiring marking of patented article held to abide accounting.**

In suits for infringement of patents, in which notice of infringement was alleged in bills and denied in answers, but no evidence on issue was introduced by either party, the question of whether defendant had notice and whether plaintiff had marked patented article in accordance with Rev. St. § 4900 (Comp. St. § 9446), will be held to abide the accounting to which the plaintiff is entitled.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Bills by Louis V. Aronson against the Toy Devices, Inc., and another. From decrees of dismissal, plaintiff appeals. Reversed.

Livingston Gifford and Gorham Crosby, both of New York City, for appellant.

George D. Richards, of Newark, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from decrees of the District Court dismissing the bills filed for the infringement of United States patents No. 1,140,649 and No. 1,140,650 for want of invention. There were two bills filed, one based on each patent, but they were heard together in the District Court, were argued together here, and will be disposed of in one opinion.

The patents relate to improvements in mechanism for controlling the character of sound emitted in talking toy devices. The patents, therefore, are not basic, but are simply for improvements in mechanism adapted to make the sound of "ma-ma" and "pa-pa" in dolls. Such sound-giving devices are old. In 1890 a patent was issued to Steiner for such a device, comprising a

bellows and a pivoted flap valve, with a complicated leverage. and link spring arrangement for operating the valve. In 1893 La Fosse adopted substantially the same mechanism. The state of the art remained practically in that same and rather complicated condition for operating the valve until Aronson's invention in 1915. The first three claims in both patents are in issue.

[1, 2] These claims in the first patent contain a reed pipe, a bellows, and a control piece (which also acts as a valve) attached to one member of the bellows. The reed pipe has an orifice and is attached to the bellows. The control piece, in the patented device, consists of a resilient sheet of metal having orifices adapted to register with the orifice in the reed pipe when the bellows is operated. As the bellows is compressed the control piece acts as a sliding valve for successively opening the orifice of the reed pipe to the atmosphere, so as to cause the reed to emit the sound of "mama." Aronson was the first to eliminate from the control piece the mechanism of the prior art, such as crank arms, pinions, rollers, shafts, bearings, rods, handles, links, levers, pivots, and springs, as illustrated by Morris, Weber, La Fosse, and Arnold. In all the prior art patents cited against Aronson there is a train of mechanism, greater or less in extent, involving several movements through which control is finally exerted upon the valve member; but Aronson reduces this train to a single control piece, which is attached to one member of the bellows. Did this elimination amount to invention? It changed complicated devices into a simple one, which is less likely to get out of order and is less expensive, but which accomplishes the same result in a new and more practical manner. Mere simplification of a substantial character, disposing of parts which have long been in use, may amount to invention. "To obtain simplicity is the highest trait of genius." Hobbs Manufacturing Co. v. Gooding et al., 111 Fed. 403, 406, 49 C. C. A. 414; Dececo Co. v. Gilchrist Co., 125 Fed. 293, 60 C. C. A. 207; Brown v. Huntington Piano Co., 134 Fed. 735, 67 C. C. A. 639. While Aronson's patents are not pioneer, we think that his simplification of the prior complicated devices into a useful, practical, commercial device amounts to invention.

Did the defendant infringe these patents? Michael Rabb, the individual defendant and president of the corporate defendant, was formerly employed by plaintiff's company, the Art Metal Works, Inc., where he had an opportunity to become and doubtless did become, acquainted with the Aronson patents, models, and devices, and upon leaving that company he formed the Toy Devices, Inc., which put out the alleged infringing devices under his direction and control. These infringing devices comprise a bellows, to which is attached a reed pipe having an orifice and a control piece with orifices adapted to register with the orifice of the reed pipe, so as to emit air as the bellows is operated.

[3] The second patent in issue, No. 1,140,650, differs slightly from the first one. It embraces the elements of bellows, reed pipe, having an orifice, and a valve piece, closing the orifice in the sound box, and provided with an outwardly extending arm, and a control piece, carried by one member of the bellows and adapted to engage the arm of the valve to operate it as the bellows is compressed. We had all these elements, except the separate valve piece, in the first patent. In the first patent there is a unification between the valve and control element into one piece; in the second, the valve and control piece are separate and distinct, but there is a direct action between them. The control piece directly engages the arm of the valve. In some of the forms the projections are on the arm of the valve piece, and in others they are on the control piece; but it makes very little difference on which they are. The essence of this invention lies in the fact that there is a direct engagement between the valve arm and control piece, with the elimination of levers, links, springs, etc.

The claims of both of the Aronson patents read on the infringing devices, and their various elements function in accordance with the disclosures of the patents. The defendants' control piece is identical in all material respects with the plaintiff's. A bellows and a reed piece attached thereto having an orifice are old. The simplification effected by Aronson was in the control piece. The changes, such as "fixing" the control piece to one element of bellows by a single pivot instead of two, are immaterial.

We agree with the learned trial judge who said with regard to the first patent: "The defendants adopted plaintiff's device. * * * If plaintiff's patent is a valid one, defendant was a willful infringer." Of the second he said: "Defendant s three forms of device are slavish imitations of plaintiff's device and the elements of claim can be read

upon them. If there is a valid patent, infringement is clear." He held the patents invalid because of the disclosures of the prior art. It is true in the prior art there was a bellows, a reed pipe, a control piece and a valve element, just as in Aronson's patents; but Aronson so simplified the control mechanism as to make it substantially different from that of the prior art and in this simplification, as we have before said, lay the invention.

[4] It is argued that, if we should find that the patents are valid and infringed, we should not order an accounting because the plaintiff did not comply with section 4900, R. S. U. S. (Comp. St. § 9446) in marking the patented article "Patented," with the day, month, and year the patents were issued. Notice of infringement was alleged in the bills, but denied in the answers. No evidence bearing on this issue appears to have been introduced by either party. Whether or not defendants had actual or constructive notice before the filing of the bills, so as to give plaintiff the right to recover damages before that time, cannot now be determined. So the question of notice and compliance with the statute will abide the accounting to which plaintiff is entitled. Franklin Brass Foundry Co. v. Shapiro & Aronson (C. C. A.) 278 Fed. 435.

It follows that the decrees dismissing the bills must be reversed.