## BUCKEYE INCUBATOR CO. et al. v. BLUM.

Circuit Court of Appeals, Sixth Circuit.
July 6, 1928.

No. 4951.

Patents ⬯⟿328—No. 1,262,860, for incubator, held not infringed.

Smith patent, No. 1,262,860, for an incubator, *held* not infringed.

Appeal from the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by the Buckeye Incubator Company and another against Joseph A. Blum. From a decree of dismissal (17 F.[2d] 456), plaintiffs appeal. Affirmed.

---

Chas. Neave, of New York City (Chas. E. Brock, of Cleveland, Ohio, Border Bowman, of New York City, and Newton D. Baker, of Cleveland, Ohio, on the brief), for appellants.

H. A. Toulmin and H. A. Toulmin, Jr., both of Dayton, Ohio (G. O. Farquharson, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM. The court below (17 F. [2d] 456) held that the defendant there (appellee here) did not infringe the Smith patent, No. 1,262,860, issued April 16, 1918, for an incubator. The patent and its scope were discussed by this court in Wolff v. Buckeye Co., 296 F. 680, and in Buckeye Co. v. Petersime, 19 F.(2d) 721. They have been considered in other circuits in the cases mentioned in the note.[1] Further discussion of the main features is not now necessary.

Counsel for appellant frankly concede that there should be an affirmance, unless we are prepared to modify to some extent our holding in the Petersime Case. In that opinion some acceptance was given to the theory that there is no infringement, unless the circulating air strikes first those eggs which are in the last stages of incubation and are generating the greatest heat. In considering a construction where the main current of air is brought in from outside, and in thinking of only the first circuit which this air makes, that thought seems applicable.

Counsel now point out, with much force, that in a case where the air does not come in from the outside in large volume, and that in any case during the circuits after the first one, no one point in the circuit gets the air ahead of any other point, in an absolute way. Which point gets it first depends upon where we consider the circuit to begin. We think we need not consider the effect of this defect in the reasoning—if it is a defect—of our former opinion. The result in that case rests also upon the theory that the patent contemplates a distinct, or at least an identifiable, current of air, flowing like a stream in one direction. Upon reconsideration, we are satisfied that this theory is correct. Whether there is such a fairly distinct current, as distinguished from the general agitation employed by the defendant here, and in less de-

---

[1] Cooley v. Buckeye (C. C. A. 3) 17 F.(2d) 453; Buckeye v. Hillpot (C. C. A. 3) 24 F.(2d) 341.

gree by the defendant in the Petersime Case, is said to be of no practical importance in achieving the successful result. Perhaps so; and yet dependence upon that theory, in order to sustain the patent, is required, both by the proceedings in the Patent Office and by the prior art, including Smith's too old public use. Smith learned or knew he must differentiate in this respect in order to get his patent.

The decree below is affirmed.