## BISHOP & BABCOCK MFG. CO. v. FULTON CO.

Circuit Court of Appeals, Sixth Circuit. January 20, 1930.

No. 5253.

294

D. W. Cooper, of New York City (Fay, Oberlin & Fay, of Cleveland, Ohio, on the brief), for appellant.

L. H. Sutton, of Washington, D. C. (Bates, Golrick & Teare, of Cleveland, Ohio, and Cameron, Kerkam & Sutton and W. B. Kerkam, all of Washington, D. C., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge. The patent in suit, No. 971,838, was adjudicated by this court in 17 F.(2d) 1006 in an action by appellee against appellant's predecessor, the Bishop & Babcock Company, and also in the Seventh Circuit in the suit of appellee against the Janesville Laboratories, Incorporated, 21 F.(2d) 428. Both courts sustained the patent. The District Court in the Bishop & Babcock Company Case, 17 F.(2d) 999, held that it was entitled to rank as a pioneer patent and have the range of equivalents accorded to that class. This court approved the District Court's treatment of that question. Pending the appeal from the decision of the District Court in that case the appellant took over the business of the Bishop & Babcock Company. It also assumed the liabilities of that company to a limited extent, including the claims of the Fulton Company for patent infringement. On May 13, 1927, following the filing of the mandate of this court in the Bishop & Babcock Case on April 27, the appellee brought this bill of complaint against the appellant. The patent was then about to expire, and the injunction which the appellee sought was denied upon condition that appellant execute a bond to secure the appellee in any damages and profits that might be decreed against the appellant because of its infringing acts during the remainder of the life of the patent. Immediately after the rendition of the judgment in the District Court in the Bishop & Babcock Case the defendant therein changed its process and adopted what it claimed was the process of the British patent Blair and Birrell, No. 17,356, of 1889. When appellant took over the business of the Bishop & Babcock Company, it adopted the same process, which it has continued to use and now claims is not an infringement of the process in suit.

The Blair process was considered in the Bishop & Babcock Case and held not to be an anticipation of the process in suit. Upon the changing by the appellant's predecessor of the mechanism which it used for practicing the process, as indicated above, it filed an application for a rehearing before the District Judge in the Bishop & Babcock Case, asserting that it had constructed and was operating at its plant a machine strictly in accordance with the disclosures of the Blair patent. It filed affidavits in support of this application, describing and illustrating the process which it was then practicing. The District Judge considered these affidavits, permitted them to be filed and made a part of the record, but held on the showing therein made that the process was not according to the teaching and disclosures of Blair, that the defendant had "merely constructed new rolls, different in substantial respects from the rolls of the Blair patent, and installed them on spindles of its infringing machine in lieu of the Fulton type of rolls." This decision, with the evidence on which it was based, was incorporated in the record brought to this court and was before this court when it approved

the treatment by the District Judge of all the questions involved in that case.

 It is admitted that appellant's present process is the same process that its predecessor then adopted and used. We have found nothing in the argument that is now made to change our views as expressed in our former opinion. Nor are we disposed to withdraw from the patent any breadth of interpretation that was then given to it. Considered as a whole, the opinion of the District Judge in that case neither directly nor inferentially limits claims 2 and 4 to a process which contemplates the leaving of narrow uncorrugated connections between the outwardly projecting corrugations. The preferred means of the patent, as expressed in its specifications and in claims 1, 3, and 5, admittedly contemplates such uncorrugated connecting portions, but it was necessary for the patentee to describe only one means for practicing his process. Tilghman v. Proctor, 102 U. S. 707–728, 26 L. Ed. 279. He was entitled to have his patent construed broadly enough to cover the meritorious thought of his process. Eibel Company v. Minnesota Paper Company, 261 U. S. 45–63, 43 S. Ct. 322, 67 L. Ed. 523. That thought was the impartation of strength to the thin walls of the tube by the process of forming the outward corrugations. His method of doing this is limited, it is true in claims 1, 3, and 5 to the leaving of uncorrugated portions between the outward corrugations, but in claims 2 and 4 there is no such limitation. The appellant does not leave any uncorrugated portions between the outwardly directed corrugations, but begins to form inwardly directed corrugations at the same time that he starts the forming of the outwardly directed ones. In this the appellant differs from appellee's practice, which is to form the outwardly directed corrugations first and then the inwardly directed ones. The one is the equivalent of the others, though, and both are covered by the appellee's claims. Both have the same object in view, namely, the strengthening and stiffening of the thin wall of metal, and both accomplish this object by the same process, though appellant by the use of a mechanism with additional rolls accomplishes it by different means in point of time. This means which the appellant uses, however, is nothing more than the result of mechanical skill applied to the inventive thought of the appellee.

 The decree ordered the master to ascertain and report an account of gains, profits, and damages resulting from the use of the process, and whether any part of the time, from the organization of the appellee to the filing of the bill, should be eliminated from the accounting. It is insisted for appellant that there was no showing of any marking or notice under section 4900 of the Revised Statutes (35 USCA § 49), except such notice as was involved in the filing of the bill, and consequently that the accounting period, if any, is limited to the period between the date of the filing of the bill and the date of the expiration of the patent. It is further contended, upon the authority of Franklin Brass Foundry Company v. Shapiro & Aronson (C. C. A.) 278 F. 435, that appellee may not have an accounting for infringement occurring subsequently to the filing of the bill unless it was entitled to an accounting for profits and damages prior to the filing of it.

We pass, without considering, the contentions of appellee that the statute does not apply to a process patent, and that under Zip Manufacturing Co. v. Pep Manufacturing Co., 27 F.(2d) 219 (6 C. C. A.), appellant was a purchaser lis pendens, and place our decision upon Wolf v. Buckeye Incubator Co., 296 F. 680 (6 C. C. A.). The bill alleged that after the entry of the decree in the Bishop & Babcock Case, and during the pendency of the appeal therefrom, the appellant, "being fully advised of said decree and injunction, acquired" the assets of the Bishop & Babcock Company. It further alleged "that plaintiff has requested the defendant to desist from further infringing upon said Letters Patent No. 971,838"; and the answer denied that plaintiff had ever "requested or notified it that its operations or processes were regarded by plaintiff as an infringement." This presented an issue of fact which, under the Wolf Case, the court could properly refer to the master for determination. We cannot accept the doctrine of Foundry Company v. Shapiro & Aronson in so far as it differs from this view. There is no occasion to consider now whether we could accept the doctrine of that case as to the relative nature of profits and damages. The opinion, as respects the question here involved, was based, as we think, upon a misconception of Marsh v. Nichols, 128 U. S. 605, 9 S. Ct. 168, 32 L. Ed. 538. Besides, the same court that decided that case also decided Aronson v. Toy Devices, 1 F.(2d) 91, holding in the latter case that, although there was no evidence whereby the court could determine whether the defendant had legal notice of infringement before the filing of the bill, the question could await the accounting which was ordered.

 In the case at bar an injunction was sought, but appellant opposed its issuance

296.

upon the ground that its business should·not be interfered with during the short period the patent had to run. The appellee was entitled to the injunction, but the court denied it upon the condition that the appellant execute a bond to indemnify the appellee in the event infringement was found. It would be unfair to hold, in this situation, after the finding of infringement, that appellee is not entitled to an accounting in this case because the injunction was not issued. In our opinion it is entitled to the accounting, certainly for the period intervening between the filing of the bill and the expiration of the patent. Whether it is entitled to an accounting and damages antedating the filing of the bill is a matter for the lower court to determine upon the report of the master.

The decree is affirmed.