## BUCKEYE INCUBATOR CO. et al. v. BOLING.

### No. 5564.

Circuit Court of Appeals, Sixth Circuit.
Feb. 13, 1931.

Newton D. Baker, of Cleveland, Ohio (Baker, Hostetler & Sidlo, of Cleveland, Ohio, Butler & Carlile, of Columbus, Ohio, and Fay, Oberlin & Fay, of Cleveland, Ohio, on the brief), for appellants.

Thomas H. Branaman, of Brownstown, Ind. (C. E. Blanchard and R. D. Tou Velle, both of Columbus, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

In 1924 the appellants, Buckeye Incubator Company and Samuel B. Smith, sued the appellee, Boling, in the United States Dis-

trict Court for the District of Indiana for infringement of the Smith patent, No. 1,262,-860. The defenses set up in the answer were invalidity and noninfringement. Upon the trial the defense of invalidity was abandoned and the cause submitted to and determined by the court upon the issue of infringement alone. Upon that issue there was a decree dismissing the bill. The decree so rendered was never appealed from. Subsequently Boling manufactured and sold incubators to the Nampa Hatcheries at Boise, Idaho, Mortimer P. Lee at St. Michael, Md., and Herbert A. Schimelpfenig in Minnesota. The Nampa Hatcheries also built an incubator of its own which was different in some respects from the incubator which it had purchased from Boling. Thereupon the Buckeye Incubator Company and Smith brought suit in the appropriate District Courts against each of the three mentioned customers, alleging in each case that the defendant had made and/or used and was still using an incubator which was an infringement of the Smith patent. The present suit was brought by Boling to enjoin the further prosecution of those suits on the ground that the defendants therein were his customers and were protected from molestation by such suits by the decree of noninfringement in the Indiana case. Upon the hearing in the court below, a decree was entered perpetually enjoining the appellants from the further prosecution of the cases, 33 F.(2d) 347.

It is conceded by the appellants that the Indiana decree protects Boling and his customers against further suits for the use of machines substantially identical with the machine that was held not to infringe by the Indiana court, and further, that the injunction in the present case was rightly issued if the incubators sold by Boling and involved in the three District Court cases did not embody substantial changes in the Indiana incubator in the direction of infringement. Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065; Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 37 S. Ct. 506, 61 L. Ed. 1148.

The Smith patent has been the subject of much litigation.[1] We do not regard a discussion of the several cases dealing with it

essential to a decision of the question here presented. In the brief of counsel for appellants there are set out eight structural differences between the Indiana machine and the later machines of Boling which are said to effect a substantial change in the direction of infringement. We put aside all these changes as unsubstantial, except the space slats in the central corridor of the later constructions. The Indiana device had space slats in the central corridor for less than one-fourth of the height of the egg trays. These were apparently designed to protect the eggs from the direct radiation of the pipes. The Namba incubator has slats the full distance of the trays, thus forming, as in Smith, a closed corridor in the center of the incubator box. The Schimelpfenig and Lee incubators seem to have no such slats between the two trays above the fan panel nor any between the bottom tray and the one next to it.

The closed corridor in Smith, operating with other features of the device, was thought by this court in the Petersime Case to have the effect of producing a defined current of air. Whether such a current was formed in the Indiana structure or there was merely an agitation of the air are questions that were not necessarily determined in the Indiana case, for there was the further difference between the two methods there involved, that in Smith the warmed current of fresh air first contacted with the eggs in the more advanced stage of incubation, whereas in the Indiana structure, if there was such a current, it contacted first with the eggs less advanced in incubation.

This latter difference, as well as the difference in the direction of the current, if there was a current in the Indiana device, are quite obviously embodied in the later Boling devices. There has been, however, such a change in the corridor of these later devices as might well be thought to assist in forming a defined current or cycle that did not exist under the Indiana method. Such change is necessarily in the direction of infringement upon one possible basis of the decision by the Indiana court. Whether infringement is avoided in the present devices by the lack of a sufficiently well-defined current or cycle of air, or by the direction in which the air is propelled, or by the fact that the heated air first contacts the eggs in the less advanced stages of incubation, we expressly refrain from deciding. Those are questions to be determined by the courts in which the cases are pending. It is sufficient

[1] Buckeye Incubator Co. v. Wolf, 291 F. 253 (D. C.); Wolf v. Buckeye Incubator Co. (C. C. A. 6) 296 F. 680; Buckeye Incubator Co. v. Cooley (3 C. C. A.) 17 F.(2d) 453; Buckeye Incubator Co. v. Blum, 17 F.(2d) 456 (D. C.); Buckeye Incubator Co. v. Petersime (6 C. C. A.) 19 F.(2d) 721; Buckeye Incubator Co. v. Hillpot (3 C. C. A.) 24 F.(2d) 341; and Buckeye Incubator Co. v. Blum (6 C. C. A.) 27 F.(2d) 333.

for the purposes of this case that there has been a change in the direction of infringement upon a possible basis of the Indiana decision. This avoids the doctrine of Kessler v. Eldred, supra.

The decree is reversed, and the cause remanded for a dismissal of the bill.