## SMITH et al. v. JENSMA et al.

No. 1327.

District Court, D. Idaho, S. D.

Oct. 7, 1931.

Albert L. Ely, of Akron, Ohio, and Hawley & Hawley, of Boise, Idaho, for plaintiffs.

Thomas H. Branaman, of Brownstown, Ind., Charles P. McCarthy, of Los Angeles, Cal., and D. L. Rhodes, of Nampa, Idaho, for defendants.

CAVANAH, District Judge.

Plaintiff sues for infringement of its patent which relates to the art of incubation.

**1000**

The general features of the invention are described in the decisions of the court in the suits between Buckeye Incubator Company et al. v. Wolf reported in (D. C.) 291 F. 253, and Buckeye Incubator Company et al. v. Boling, reported in (C. C. A.) 46 F.(2d) 965, and it is thought unnecessary to repeat them here.

The validity of the patent is not questioned, as it has by the courts been universally sustained and injunctions granted for its infringement, but the issue of noninfringement is presented by the pleadings under the claims sued on. No evidence was offered by the defendant to refute the undisputed testimony of the plaintiffs, which clearly shows that the defendants have made and are using incubators embodying the inventions shown in plaintiffs' patent, and particularly claims 1 and 2 thereof, in infringement of its rights, which are:

"1. The method of hatching a plurality of eggs by arranging them at different levels in a closed chamber having restricted openings of sufficient capacity for the escape of foul air without undue loss of moisture, and applying a current of heated air, said current being created by means other than variations of temperature and of sufficient velocity to circulate, diffuse and maintain the air throughout the chamber at substantially the same temperature, whereby the air will be vitalized, the moisture conserved and the units of heat will be carried from the eggs in the more advanced stage of incubation to those in a less advanced stage for the purpose specified.

"2. The method of hatching a plurality of eggs by arranging them at different levels in a closed chamber having restricted openings of sufficient capacity for the escape of foul air without undue loss of moisture and applying a power driven current of heated air in an adjacent chamber through openings into the egg chamber, said current being of sufficient velocity to circulate, diffuse and maintain the air throughout the egg chamber at substantially the same temperature, whereby the air will be vitalized, the moisture conserved and the units of heat will be carried from the eggs in the more advanced stage of incubation to those in a less advanced stage for the purpose specified."

The primary charge of infringement and the one stressed by plaintiff is in the use of the Boling machine which is manufactured and sold by Bert W. Boling of Brownstown, Ind., and is substantially identical with the Smith incubator, and its process of operation is the same, as they both contain a process of setting of eggs in various stages of incubation in a forced, fan-impelled draft of air in repeated circulation of the same body of air within the incubator in continuous repeated cycles through the mass of eggs, so that the air taking up a full complement of moisture a premature drying of the eggs is prevented. The patent here contemplates a distinct current of air flowing like a stream in one direction which the Boling machine also contains. It will avail nothing to repeat the testimony on the issue of infringement other than to say that the Boling device embodies a sufficiently well-defined current of air and is substantially operated in the same manner as in the Smith incubator covered by plaintiffs' patent, and on that issue the finding must be against the defendants, and the defendants are held to have infringed the patent of plaintiffs.

No accounting for profits or award for damages are requested by the plaintiffs, as they were waived at the trial, and the relief granted is the prayer of plaintiffs for an injunction.