## GENERAL ELECTRIC CO. v. GRAND GASLIGHT, Inc., et al.

District Court, S. D. New York.

Feb. 27, 1942.

Reargument Denied April 15, 1942.

John Vaughan Groner, of New York City (Samuel Milberg, of Jersey City, N. J., of counsel), for plaintiff.

Aaron L. Solomon, of New York City, for defendants.

CONGER, District Judge.

This is a motion to sustain the exceptions filed by both plaintiff and defendants to the Special Master's report.

Plaintiff is the owner of the Pipkin Patent No. 1,687,510, and filed a complaint in this court on November 12, 1936, charging infringement by the defendants. Defendants answered the complaint, but on February 1, 1939, consented to the entry of a decree which adjudged the patent to be valid, and that the defendants had infringed both claims of said patent. The matter was referred to a Special Master for an accounting of defendants' profits. The Special Master held hearings, and made his findings of fact and conclusions of law, which are now to be reviewed.

This same patent was held valid in General Electric Co. v. Save Sales Co., 6 Cir., 82 F.2d 100, and in General Electric Co. v. Wabash Appliances Corp., 2 Cir., 93 F.2d 671, reversing, D.C., 19 F.Supp. 887, certiorari denied 303 U.S. 641, 58 S.Ct. 610, 82 L.Ed. 1101, rehearing denied 303 U.S. 667, 58 S.Ct. 749, 82 L.Ed. 1124. Thereafter a motion to punish Wabash Appliance Corp. and others for contempt of court in violating the decree by continuing infringement was denied. General Electric Co. v. Wabash Appliance Corp., D.C., 29 F.Supp. 1003.

Pipkin's patent rests upon an improvement to electric light bulbs, in that he conceived the means of providing a commercially acceptable inside frosted bulb. Plaintiff, before the Master, made no attempt to prove the portion of defendants' profits from the sale of bulbs which was attributable to the Pipkin patent. On the contrary, plaintiff attempted to prove that the patent gave to the electric lamp its entire sales value. Plaintiff did show by evidence that apportionment of profit as between the various component parts of the electric lamp was impossible.

Before the Master, plaintiff produced three distributors of bulbs having the patented feature, who testified as expert witnesses, that solely through the presence of this feature of the Pipkin patent, sales were made, and that if such feature had not been present such sales as were made could not have been made. Defendant, on the other hand, offered no evidence to rebut plaintiff's witnesses. The Master found however, that this evidence was not sufficient to prove that the Pipkin patent gave the entire value of the lamp.

I believe, by this ruling, the Master erred.

■ The rule of burden of proof where the patent is for an improvement and the infringer has added no improvement of his own, is that the patentee (plaintiff in this case) must in the first place apportion the contribution to the profit of the invention and of the prior art, except (1) where the invention covers the whole article (not properly an instance of an improvement at all); or (2) where, though an improvement the patentee can show that the invention has given the article its whole value. See Westinghouse Electric & Mfg. Co. v. Wagner Electric & Mfg. Co., 225 U.S. 604, 32 S.Ct. 691, 56 L.Ed. 1222, 41 L.R.A., N.S., 653; Dowagiac Mfg. Co. v. Minnesota Plow Co., 235 U.S. 641, 35 S.Ct. 221, 59 L.Ed. 398; Stromberg Motor Devices Co. v. Zenith-Detroit Corp., 2 Cir., 73 F.2d 62.

■ The expert opinion testimony of the plaintiff is to the effect that the improvement of plaintiff's patent was necessary to the sale of the inside frosted bulb. I believe this expert testimony is sufficient to make out a prima facie case. 35 U.S.C.A. § 70. It may be true that this expert testimony will not stand up upon credible contradictory testimony. Plaintiff's proof, therefore, must be accepted as prima facie.

■ The Master has pointed out that no tortious act of defendants' created the difficulty of possible apportionment herein, the difficulty is inherent in the nature of the device itself. While it is true that there might be confusion on an attempted apportionment of profit to the various elements of the inside frosted bulb, it must be remembered that plaintiff is relying on the theory that its patented improvement gives

to the bulb, its whole commercial value, and since it has made out a prima facie case, the burden of going forward with the evidence to rebut this prima facie evidence is upon the defendant. If the defendant offers sufficient proof to so rebut, the ultimate burden of proof is upon plaintiff to prove apportionment or total profits.

The matter should be referred back to the Master for further proof.

Plaintiff also excepts to the Master's report in that the Master did not find that by consenting to the entry of the decree on the merits herein, defendants had waived proof by plaintiff as to notice as required by § 4900 R.S. 35 U.S.C.A. § 49; and both parties except because the Master failed to make a finding concerning the effect of the complaint as notice: plaintiff contending that the Master should have held it was notice; defendant contending to the contrary.

On the first proposition, I think the plaintiff clearly is in error. The cases furnished by the plaintiff are not in point on this precise question. By the consent decree, the plaintiff is entitled to the profits realized by reason of the infringement. The question of profits, however, is governed by Revised Statute § 4900. In this respect the consent decree is no different from a decree made and entered after trial In order for a plaintiff to recover profits, he must have marked his patented article, and failing to so mark, there must be proof that the defendant was duly notified of the infringement. I hold that by this consent decree the defendants did not waive the provisions of § 4900, R.S.

This leads naturally to the next proposition. Is the service of the complaint sufficient notice to the defendant of the infringement? The complaint (paragraph 5) does charge defendants with infringing its patent by selling, etc., electric lamps embodying or containing the improvements described and claimed in plaintiff's patent.

There is no question but that the filing of the suit is notice to the defendant of infringement, but the question is whether it is such notice contemplated by R.S. § 4900. I think it is. I find precedent for my opinion in the case of Ashley et al. v. Weeks-Numan Co., 2 Cir., 220 F. 899. In that case, as in this, there had been no marking of the patented article as required by the statute, and no notice to the defend-

ant prior to filing the bill of complaint. But the court said, at page 904 of 220 F.:

"There is no evidence which shows or tends to show actual or constructive notice to defendant prior to the filing of the bill of complaint. But the filing of the bill affords notice to defendant of the complainants' rights under the patent in suit, and the complainants are therefore entitled only to damages subsequent to the filing of the bill of complaint. If there has been no infringement since the bill was filed, then there are no damages to be recovered."

I find a similar ruling in the case of Westinghouse Elec. & Mfg. Co. v. Condit Elec. Mfg. Co., C.C., 159 F. 154, at page 156, where the court said:

"Of course, bringing the suit—filing the bill of complaint—was notice to the defendant, not only of the patent, but of complainant's alleged rights and of the infringement.

\*       \*       \*       \*       \*

"It appears, however, in the case that the defendant continued its acts of infringement after suit brought. For these reasons, I think that the decree should contain a provision for an accounting, but that the accounting should be limited to the time subsequent to the filing of the bill of complaint."

I find no distinction on the facts between these two cases and the one at bar. I cite the following authorities in support of this ruling. Maimen v. Union Special Mfg. Co., 3 Cir., 165 F. 440; Allied Metal Stamping Co. v. Standard Electric Equipment Corp., D.C., 57 F.2d 296; Kilgore Mfg. Co. et al. v. Triumph Explosives, Inc., D.C., 37 F. Supp. 766; Bishop & Babcock Mfg. Co. v. Fulton Co., 6 Cir., 37 F.2d 293.

I do not regard Marsh v. Nichols, Shepard & Co., 128 U.S. 605, 9 S.Ct. 168, 32 L.Ed. 538 as being contra to my holding here. In that case it was discovered after suit that the plaintiff really had no patent because of a defect in letters patent. Subsequently this was remedied by an Act of Congress which the court held validated the patent. The court held that the Congress did not intend the Act to be retroactive because it expressly excepted from its provisions any pending suits. So that at the time of the filing of the bill of complaint there was no patent. There could have been, therefore, no infringement before the filing.

I therefore hold that the plaintiff may recover profits for infringement after the complaint herein was filed (November 12, 1936).

The Master's report is confirmed except in so far as I have indicated above. Plaintiff's exceptions are sustained as indicated. Defendant's exceptions refused as indicated.

No other questions than those passed on in this opinion were presented to me on this motion.

An order reinstating this proceeding before the Master should be entered. In as much as I have held that Plaintiff has made out a prima facie case, the defendants should now have an opportunity of going on with their proof if they desire to so do.

Settle order on notice.

### On Motion for Reargument.

Defendant's motion for a reargument is denied. No new issues are set forth in defendant's papers which call for a reconsideration by the Court. Upon rehearing by the Special Master, it is incumbent upon the defendant to rebut plaintiff's prima facie case, if possible. The ultimate burden of proof always rests upon the plaintiff.