David Aaron TENENBAUM, Plaintiff,

v.

Louis CALDERA, Defendant.

No. 00–CV–70309–DT.

United States District Court,
E.D. Michigan,
Southern Division.

March 21, 2001.

Mayer Morganroth, Jeffrey B. Morganroth, Southfield, MI, for Plaintiffs.

William L. Woodward, Peter A. Caplan, Assistant United States Attorney, Detroit, MI, for Defendants.

## ORDER DENYING "MOTION FOR ENLARGEMENT OF THE RECORD"

CLELAND, District Judge.

Now pending before the court is Plaintiff David Tenenbaum's "Motion for Enlargement of the Record," filed on January 10, 2001. A response and reply memorandum were filed on February 2, 2001, and February 15, 2001, respectively. Having reviewed the parties' submissions, the court will deny Plaintiff's motion.

### I. BACKGROUND

On January 19, 2000, Plaintiff filed a Title VII action claiming religious discrimination arising out of his employment with the United States Army. On March 31, 2000, Defendant Louis Caldera filed a motion to dismiss, arguing that the claim was time-barred because Plaintiff had failed to contact an Equal Employment Opportuni-

ty counselor in a timely manner. The matter was fully briefed by the parties and subsequently addressed at oral argument on October 18, 2000. At the conclusion of the hearing, this court issued a bench opinion dismissing the case. An order and judgment were issued the following day.

Subsequent to the October 19, 2000 order, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. Currently before the court is Plaintiff's motion to expand the record on appeal by adding documents that were obtained during discovery but not submitted to the court on the motion to dismiss.

## II. DISCUSSION

 Federal Rule of Appellate Procedure 10 provides as follows:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
>
> (C) by the court of appeals.

Fed. R.App. P. 10(e)(2). Cases interpreting application of this rule have held that its purpose is "to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir.1982).

Thus, the rule allows "modification of the record transmitted to the court of appeals so that it accurately reflects what happened in the district court," but does not permit adding material that was never before the district court in the first place. *Id.* at 641 n. 9 (citing *United States ex rel. Mulvaney v. Rush*, 487 F.2d 684, 687 n. 5 (3d Cir.1973)). *Accord United States v. Barrow*, 118 F.3d 482, 487–88 (6th Cir. 1997) ("We have not allowed the rule to be used to add new evidence that substantially alters the record after notice of appeal has been filed; rather we have allowed enough modification to ensure the accuracy of the record."); *United States v. Kennedy*, 225 F.3d 1187, 1190 (10th Cir.2000) ("Federal Rule of Appellate Procedure 10(e) authorizes the modification of the record only to the extent it is necessary to 'truly disclose[ ] what occurred in the district court.' "). These cases comport with the firmly established rule that "[t]he only proper function of the court of appeals is to review the decision below on the basis of the record that was before the district court." *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir.1986). Relying upon these cases, and on Plaintiff's failure to cite any authority to the contrary,[1] the court concludes that Rule 10(e) does not authorize supplementing the record in this matter.

 Seeking to avoid the consequences of his failure to satisfy the requirements of Rule 10(e), Plaintiff argues that the record on appeal may be supplemented pursuant to Local Rule 26.2(e) instead. Rule 26.2(e) provides that "[i]f discovery material not

---

1. The court notes that a minority of courts have discussed the existence of an "inherent equitable power to supplement the record on appeal to include information not presented to the district court," but only in unique cases that, in the interest of justice, require special consideration. *See Chrysler Int'l Corp. v. Cherokee Exp. Co.*, No. 97–1003, 1998 WL 45488 (6th Cir. Jan.27, 1998) (quoting *In re Capital Cities/ABC, Inc.'s Application for Access*, 913 F.2d 89, 97 (3d Cir.1990)). To this court's knowledge, however, the Sixth Circuit has never adopted such a view. Moreover, Plaintiff has not even relied upon this line of authority, let alone demonstrated why this lawsuit warrants special consideration.

previously filed with the Clerk is needed for an appeal in a case, the party maintaining custody of the discovery material shall file it with the Clerk either on stipulation of the parties or on order of the Court." E.D. Mich. LR 26.2(e). The court questions the authority of the Local Rules to permit what plainly is forbidden under the case law interpreting Federal Rule of Appellate Procedure 10. Rather, it seems more accurate that Local Rule 26.2(e) merely states the process by which the record may be supplemented if authorized under Rule 10. *See Chrysler Int'l Corp. v. Cherokee Exp. Co.*, No. 97–1003, 1998 WL 45488 (6th Cir. Jan.27, 1998) ("[I]f the local rule attempts to broaden and expand upon the limits of Fed. R.App. P. 10(e), it cannot accomplish this end."). Accordingly, the court concludes that Local Rule 26.2 cannot be used to circumvent the limitations of Federal Rule of Appellate Procedure 10.

The cases cited by Plaintiff are not to the contrary. In *Brown v. Crowe*, 963 F.2d 895 (6th Cir.1992), the Sixth Circuit recognized that "a federal appellate court is always empowered to resolved any issue not considered below 'where the proper resolution is beyond any doubt or where injustice … might result.'" *Id.* at 898. This holding, however, is inapplicable to the facts presently before the court because Plaintiff is not seeking to introduce new issues on appeal. Whether the appellate court would agree to hear issues not addressed in the trial court is a distinct issue from whether this court may expand the record where there is no showing that justice so requires. The other cases cited by Plaintiff in support of his motion similarly do not contradict the court's holding, but merely supplement it by holding that cumulative or irrelevant material may not be added to the record. *See Nugent v. Wise*, 723 F.2d 910 (6th Cir.1983); *Wolf v. Buckeye Incubator Co.*, 296 F. 680, 682 (6th Cir.1924).

## III. CONCLUSION

Federal Rule of Appellate Procedure 10(e)(2) prohibits adding evidence not considered by the trial court to the record of appeal. Plaintiff has failed to cite any circumstances which even raise the issue of whether an equitable exception to the Rule should apply. Similarly, Local Rule 26.2 is an inappropriate vehicle for circumventing Rule 10. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Expansion of the Record" is DENIED.